UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSHUA HACKWORTH, individually and on         )
behalf of those similarly-situated,           )
                                              )
                    Plaintiff,                )
                                              )
v.                                            )         No. 3:21-CV-114-CLC-HBG
                                              )
HARRIMAN UTILITY BOARD,                       )
                                              )
                    Defendant.                )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02.

Now before the Court is Defendant's Motion to Stay Discovery or in the Alternative

Motion for Protective Order ("Motion to Stay") [Doc. 20] and Defendant's Second Motion for

Protective Order [Doc. 27].   The Motions are ripe for review.  Accordingly, for the reasons more

fully explained below, the Court **GRANTS** Defendant's Motions [**Docs. 20 and 27**].

I.       **POSITIONS OF THE PARTIES**

Defendant seeks a stay of discovery or an order quashing Plaintiff's written discovery

requests pursuant to Federal Rule of Civil Procedure 26.  [Doc. 20].   In the alternative, Defendant

seeks a protective order protecting it from responding to discovery while Plaintiff's motion for

conditional certification is pending.  For grounds, Defendant states that Plaintiff has filed a motion

requesting that the Court allow the case to proceed as a collective action pursuant to the Fair Labor

Standards Act ("FLSA") and as a class action based on Plaintiff's state law claims.  Plaintiff's

motion is pending before the Court.  Defendant states that Plaintiff has served it with discovery

requests that are premature absent a decision on how the case will proceed. Defendant requests that the Court exercise its discretion under Rule 26 to stay discovery until the Court determines whether this case should proceed as a collective action, class action, or both.

In the alternative, Defendant asserts that good cause exists under Rule 26(c)(1) for a protective order. Defendant states that participating in discovery at this stage constitutes an undue burden because Plaintiff's conditional certification motion remains unresolved. Defendant maintains that the case should not proceed as a collective action and asserts that the amount and nature of opt-ins will change its responses to Plaintiff's discovery requests. Defendant argues that responding to discovery at this stage will likely result in unnecessary work and expense. Defendant states that Plaintiff's discovery requests target the ultimate merits of the claim, as opposed to any issues relating to conditional certification. Defendant states that responding to such discovery, which may be rendered moot pending the Court's ruling on how this case will proceed, is burdensome. Defendant relies on the decision in *Loomis v. Unum Grp., Corp.*, 338 F.R.D. 225 (E.D. Tenn. 2021), in support of its arguments. Finally, Defendant asserts that if Plaintiff wants to conduct broader discovery prior to the adjudication of the issue of conditional certification, he may unwittingly subject himself to a heightened standard of scrutiny.

Plaintiff responds [Doc. 25] in opposition to the Motion. Plaintiff argues that Defendant did not meet and confer with him prior to filing its Motion and that Defendant filed its Motion before its response time for the discovery requests began to elapse. In addition, Plaintiff states that Defendant relies on cases where a plaintiff requested a stay of discovery in response to a defendant's request for discovery in relation to a motion for conditional certification. Plaintiff states that the Court should not tolerate delays in the conditional certification process because the statute of limitations continues to run against putative plaintiffs' claims. Plaintiff asserts that

2

Defendant does not identify a particular request that is overly burdensome and otherwise objectionable. Plaintiff argues that discovery is necessary because the employees do not have possession of the documents that will quantify the scope of Defendant's violations. Plaintiff summarizes the allegations in this case and states that his discovery requests are directed to establish Defendant's violations.

Further, Plaintiff states that even if the Court concludes discovery should be stayed until the identity of the putative plaintiffs is known, other discovery should proceed. Plaintiff explains, for instance, discovery with respect to his claims and other employees who have already affirmatively consented to join this lawsuit should proceed. Finally, Plaintiff states that discovery relating to his state law claims should not be stayed and that Defendant's status as a governmental entity mitigates against Defendant's requested relief.

Defendant replies [Doc. 26] that despite its pending Motion to Stay, Plaintiff has served additional discovery requests. Defendant states that courts that have been confronted with similar motions have consistently determined that a stay of discovery is appropriate pending resolution of whether this case should be conditionally certified. Defendant maintains that staying discovery will conserve the parties' time and expense and avoid wasteful and duplicative discovery efforts. Defendant states that its Motion is appropriate because the parties are not required to meet and confer on this issue. Defendant also argues that discovery should not proceed in a piecemeal fashion.

In addition, Defendant filed a Second Motion for Protective Order [Doc. 27], stating that Plaintiff served ten additional requests for production of documents and thirteen requests for admissions. Defendant adopts and incorporates its Motion to Stay in support of its Second Motion for Protective Order. In response, Plaintiff relies on his previous filings but adds the following

arguments: (1) Defendant's reliance on cases granting plaintiffs a stay of discovery pending a ruling on a plaintiff's motion for conditional certification should be rejected, and (2) the discovery subject to the Second Motion for Protective Order illustrates why a stay is not necessary.

Defendant replies [Doc. 33] that the precedent in this Circuit draws no distinction between the parties seeking relief and that its not practical or economical to attempt to server discovery on Plaintiff's individual and state law claims from discovery on the collective FLSA claims.

## II.   ANALYSIS

Accordingly, the Court has considered the parties' positions, and for the reasons explained below, the Court finds Defendant's requests [**Docs. 20 and 27**] well taken.

As an initial matter, Plaintiff argues that Defendant's Motion to Stay should be denied because Defendant did not confer with Plaintiff prior to filing the Motion. Plaintiff asserts that although Defendant seeks a stay of discovery, it has also objected to the number and nature of Plaintiff's requests. While the Court always encourages the parties to confer prior to filing discovery-related motions, in this instance, Defendant was not required to confer with Plaintiff given that Defendant has requested a stay of discovery.[1] Further, the parties did discuss their positions at the Rule 26(f) conference and were unable to resolve their disagreements.

Similarly, Plaintiff states that the Court should deny the Motion because it was filed before the parties participated in the Rule 26(f) meeting, meaning that the discovery requests were not due, and the parties had not discussed conducting discovery in phases or the timeline for completing discovery as required by the Rule. As mentioned above, the parties participated in their Rule 26(f) conference on May 26, 2021, triggering the response time for the discovery

---

[1] Rule 26(c)(1), however, does contain a meet and confer requirement, which Defendant has relied on but only in part.

4

requests that had already been served. In addition, during the Rule 26(f) conference, the parties discussed the discovery issues, but the disputes were not resolved. [Doc. 22]. Accordingly, the Court finds it appropriate to adjudicate the pending Motions.

In the instant matter, Defendant asserts that there are various rules implicated by its Motion to Stay. Defendant cites to Rule 26(b)(2), (c), and (c)(1) in support of its position. The Court will begin with Rule 26(b)(1), which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). In addition, Rule 26(b)(2)(C) allows courts to limit the frequency or extent of discovery if:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Further, Rule 26(c) governs protective orders. That Rule authorizes a court to enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden

5

or expense." Fed. R. Civ. P. 26(c)(1). A party requesting a protective order must establish good cause for such an order. *Eagle v. Hurley Med. Ctr.,* 292 F.R.D. 466, 478 (E.D. Mich. 2013). "This Rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

Finally, it is well established that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williamson v. Recovery Ltd., P'ship*, No. 2:06-cv-292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. American Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Courts have further explained that the "burden upon the party requesting the stay is less cumbersome when a stay—as opposed to a complete prohibition—of discovery is sought." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015).

In the instant matter, the Court has reviewed Plaintiff's discovery requests and finds staying discovery is appropriate because the burden of proceeding with discovery outweighs Plaintiff's hardship, if any, of delaying discovery at this time. *See also* Fed. R. Civ. P. 26(b)(2)(C) (proposed discovery is outside of the scope permitted). As the parties acknowledge, Plaintiff's motion for conditional certification is ripe for adjudication, and therefore, how this case will proceed has not been determined. Plaintiff's discovery requests, however, seek discovery on the putative plaintiffs' claims and the merits of this case. For example, Interrogatory No. 19, states as follows:

Do you contend that Plaintiff or any person who has joined this

6

action by filing a consent under 29 U.S.C. § 216(b) did not perform work for a period of time after clocking-in or any day while employed by you since March 1, 2015? If so, please identify such employee, the date or dates such employee did not perform work after clocking in, the amount of time that passed after such employee clocked in but before such employee performed work, and the activity you contend constituted the first work by such employee on such date.

[Doc. 20-1 at 10]. In addition, Plaintiff's Request for Production ("RFP") seeks documents relating to Plaintiff and each person that has joined this litigation. *See* [Doc. 20-1 at 17-25]. Given that the potential opt-ins have not received notice of this action, Defendant cannot fully respond at this time and any response will likely be incomplete if Plaintiff's motion for conditional certification is granted. In the event the Court denies Plaintiff's motion for conditional certification, Plaintiff's discovery requests may be rendered moot. In light of the discovery requests in this case, coupled with the fact that the Court has not adjudicated how this case will proceed, the Court finds staying discovery at this time to be appropriate.

The Court has also reviewed the parties' Rule 26(f) report, wherein the parties describe several disagreements relating to how discovery should proceed in this case. The Court finds it is in the parties' interests for the Court to adjudicate the motion for conditional certification prior to discovery so that the parties can engage in meaningful conversations about how discovery should proceed, what appropriate limits may be necessary, and whether the parties can agree to representational proof if the motion is granted. *See Loomis v. Unum Grp. Corp.,* 338 F.R.D. 225, 229 (E.D. Tenn. 2021) ("If the collective action is conditionally certified, discovery will occur, but some conditionally certified FLSA cases do not involve individualized discovery.").

The Court further finds the decision in *Loomis* instructive. In *Loomis*, the plaintiff brought a FLSA claim against defendant and moved for conditional certification. *Id.* at 227. The defendant

7

served plaintiff with precertification discovery requests and sought depositions of the declarants that the plaintiff relied on in her motion for conditional certification. *Id.* The plaintiff filed a motion for protective order, seeking to stay all discovery. *Id.*

The court found that plaintiff did not establish her burden for a protective order under Rule 26(c) because she did not show by affidavit or declaration any of the specific harms enumerated therein. *Id.* at 229. The court, however, quashed the defendant's discovery requests pursuant to Rule 26(b)(2). *Id.* The court found that the defendant's discovery requests provided "no benefit at this stage," and therefore, "it [was] appropriate for the Court to limit that discovery under Rule 26(b)(2)(C)(iii)." *Id.* at 231-32. The court further noted that Rule 26(b)(2)(C)(i) also permitted it to limit discovery because the defendant already possessed the discovery that it sought and that "obtaining the information internally rather than through discovery is far more convenient, less burdensome, and less expensive than through [p]laintiff and the declarants." *Id.* at 232.

As mentioned above, the Court has not adjudicated the motion for conditional certification, meaning that Plaintiff's discovery requests could be rendered moot and outside the permissible scope of Rule 26(c)(1). If the motion for conditional certification is granted, Defendant will have to supplement most of its responses depending on who files a consent. Accordingly, the Court finds the burden of responding to the discovery requests outweighs the harm, if any, of delaying discovery.

The Court has considered Plaintiff's arguments, but the Court finds them to be not well taken. First, Plaintiff argues that Defendant relies on cases wherein the plaintiff seeks a stay after a defendant has served the plaintiff with discovery relating to issues raised in the motion for conditional certification. The Court agrees with Defendant that, in this instance, there is no basis for drawing a distinction between who requests the stay of discovery. *See Raykovitz v. Elec.*

*Builders, Inc.,* No. CV 119-137, 2019 WL 7341602, at *2 (S.D. Ga. Dec. 30, 2019) (granting defendant's motion to stay discovery related to all putative class members pending resolution of plaintiff's motion for conditional certification). Plaintiff asserts that the "true lesson" of Defendant's cited cases is that courts do not tolerate delays in the conditional certification process. The Court agrees that delays in the conditional certification process are discouraged, but staying discovery at this juncture will not delay the conditional certification process, and the Court finds that the standard in determining whether to stay discovery (i.e., whether the burden of proceeding with discovery outweighs the hardship of staying discovery) applies to both parties.

Plaintiff argues that Defendant does not identify particular discovery requests that are overly broad or otherwise, and therefore, the Motion should be denied on that basis alone. Defendant's challenge, however, relates to when discovery should commence given how this case may or may not proceed, which will also affect what discovery is relevant and proportional. Further, Plaintiff argues that his discovery requests are necessary because Defendant, not the employees, has the documents relating to Defendant's alleged violations. The Court agrees that in FLSA cases, the employer generally possesses most of the relevant information. The Court also acknowledges that Defendant will be required under the Federal Rules to respond or make appropriate objections to Plaintiff's discovery requests at some point. At the present time, the Court is only deciding when such discovery should proceed and not what specific discovery is required.[2]

Plaintiff requests, in the event that the Court is inclined to stay discovery, that Defendant

---

[2] The Court further notes that Defendant has responded to some discovery. *See* [Doc. 33] (explaining that Defendant has responded to both sets of Requests for Admission and served its initial disclosures).

9

be required to respond to discovery relating to persons who have already joined this lawsuit. In addition, Plaintiff states that it has requested discovery that relates to Defendant's mindset, which is relevant to Defendant's good-faith or lack thereof. Plaintiff submits that such discovery is relevant regardless of whether or not additional plaintiffs join this action. Plaintiff further argues that Defendant has not cited to any cases that support staying discovery relating to Plaintiff's state law claims. While the Court has considered Plaintiff's arguments, the Court finds that Defendant's concerns regarding piecemeal discovery are reasonable. The Court agrees that avoiding such piecemeal discovery will conserve the time and expense of the parties and avoid duplicative discovery efforts. As mentioned above, the Court also finds that staying discovery will allow the parties time to discuss how discovery should proceed in light of the Court's ruling on the motion for conditional certification.

Finally, Plaintiff argues that the Tennessee Public Records Act constitutes another reason to deny Defendant's request. Plaintiff states that the Court should deny Defendant's Motion without prejudice subject to refiling and order Defendant to expressly address the Tennessee Public Records Act. In the alternative, Plaintiff states that should the Court stay discovery, the order should note that the Court is solely ruling upon Defendant's obligations under the Federal Rules of Civil Procedure and is not limiting Defendant's obligations under the Tennessee Public Records Act. In its reply brief, Defendant states that it is not relying on the Tennessee Public Records Act in its Motion. Given that Defendant is not relying on the Tennessee Public Records Act, the Court does not find that it is necessary to address it.

## III. CONCLUSION

Accordingly, the Court finds Defendant's Motion to Stay Discovery or in the Alterative Motion for Protective Order [**Doc. 20**] and Defendant's Second Motion for Protective Order [**Doc.**

**27**] well taken, and they are **GRANTED**. Discovery is hereby **STAYED** until thirty (30) days after the completion of the opt-in period.

      **IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge